### THE STATE v. JOSEPH MORELAND.

In an indictment under article 775 b. of the Penal Code, an averment that the defendant took up and used certain oxen "without estraying them in the manner prescribed by law," is equivalent to charging, in the language of the statute, that he took them up and used them, "without complying with the laws regulating estrays."

In framing an indictment, it is better to employ the words of the statute rather than equivalent phraseology, and thus preclude all doubt about the meaning of the averment.

Unnecessary averments in an indictment may be rejected as surplusage; and a mere defect in the *manner* of stating the matter charged will not vitiate.

Oxen other than work oxen are included in the generic term "cattle," employed in article 855 of O. & W. Digest.

See this case with respect to the estray laws as they affect oxen in contradistinction to work oxen.

Stray work oxen are, in general, classified with horses, mares, &c., and may be estrayed forthwith; while oxen other than work oxen are, as cattle, subject to different regulations, and cannot be estrayed unless they have been on the land of the taker-up at least twelve months before being estrayed.

APPEAL from Freestone. Tried below before the Hon. R. S. Gould.

The facts are shown in the opinion of the court.

*Attorney General*, for the appellant.

REEVES, J.—It appears from the record in this case that the appellee was indicted in the District Court of Freestone county, at the Fall Term, 1861, for taking up and using three estray oxen without complying with the statute regulating estrays. This case was continued from term to term until the Fall Term, 1863, at which time the defendant excepted to the indictment on the ground that it did not charge any offence known to the laws of the State. The exception was sustained by the court and the case was ordered to be stricken from the docket, to which ruling of the court the district attorney excepted and gave notice of an appeal

to this court. There is no appearance for appellee by counsel or by brief, and we are left to conjecture the grounds on which the District Court acted in sustaining the exception.

By article 775 b. of the Penal Code, it is provided that, "If any person shall, without complying with the laws regulating es-strays, take up and use, or otherwise dispose of any animal coming within the meaning of estrays, he shall be punished as prescribed in the preceding article," a fine not exceeding double the value of the property.

By article 843, (O. & W. Dig.,) of the statute of February, 1850, regulating estrays, "When any stray horse, mare, colt, mule, jack, or jennet shall be found on the plantation or land of any citizen of this State, such citizen shall forthwith advertise the same, describing the animal's color, and specifying the marks and brands, if any, at three public places in the county in which such citizen resides, one of which notices shall be on the courthouse door for at least twenty days, after the expiration of which time, if no owner apply, it shall be lawful for such citizen to appear before some justice of the peace in and for said county and estray the same."

By article 855, "Any citizen taking up any estray cattle other than work oxen, hogs, sheep or goats, shall proceed in the same manner as required in the case of horses, &c., except advertising in a newspaper; and any person estraying the same, at the expiration of six months from the date of appraisement, shall proceed to give notice as required in cases of sheriffs' and constables' sales, and to sell such estrays where they were taken up, if not less than three bidders attend such sales; provided, that no animal of the kind enumerated in this section, except work oxen, shall be subject to be estrayed unless the same shall have been on the plantation or land of the taker-up at least twelve months prior to the time of estraying the same."

The indictment, after charging that the defendant took up and used three estray oxen, proceeds with an averment that it was done "without advertising the same on the courthouse door in Freestone county, and two other public places for twenty days, and

without estraying the same in the manner prescribed by law, contrary to the form of the statute," &c.

The averment that the defendant took up and used the oxen without estraying them in the manner prescribed by law, is equivalent to saying that they were taken up and used " without complying with the laws regulating estrays" in the language of the statute. But it is better to pursue the words of the statute, as it precludes all doubt about the meaning of the expression used. While it is required that the facts and circumstances constituting the offence must be stated in the indictment, that which is not a necessary ingredient may be rejected as surplusage and need not be proved; or, if there be a defect in the manner of stating the matter, the defect will not vitiate the indictment. (Archbold's C. Pl., 39.) The averments in the indictment, though not as formal as would be desired, are substantially a compliance with the Code of Criminal Procedure requiring that " the offence must be set forth in plain and intelligible words."

The statute mentions " work oxen" only, and it may be that the ruling of the court was on the construction of the statute, and whether it requires oxen which are not work oxen to be estrayed, or even whether work oxen are within the meaning of the act. If the exception was sustained on either of these grounds, we think there was error in the ruling of the court.

While the statute is somewhat obscure in this respect, taking it as a whole, it must be held to include oxen as embraced in the generic term " cattle," though work oxen only are mentioned specifically.

It will be observed that work oxen are classed with horses, mares, &c., and referred to in article 854 in the same connection, and the regulations of the statute relating to the latter extend to the former also. If not proven away by the owner within twelve months after appraisement, they shall be deemed vested in the county, &c.

Whenever cattle are referred to, as in article 855, " work oxen" are excepted out of the provisions relating to cattle. " Any citizen taking up any stray cattle, (other than work oxen,) hogs, sheep or goats shall proceed in the same manner as required in the

case of horses, &c., except advertising in a newspaper. Hogs, sheep or goats are intended to be classed with cattle and not with work oxen—the words as used in the statute are not correctly punctuated. The sentence should be read as above punctuated.

By article 854, "every stray horse, mare, colt, mule, jack, jennet, or work ox taken up aforesaid, and not proved away by the owner within twelve months after appraisement shall be deemed vested," &c.

By article 855, stray cattle, hogs, sheep or goats, may be sold within six months without having been advertised in a newspaper, which is required in the case of horses, &c., "provided that no animal of the kind enumerated in this section, (art. 855,) except work oxen, shall be subject to be estrayed, unless the same shall have been on the plantation or land of the taker-up at least twelve months previous to the time of estraying the same." Oxen are included in the class of animals enumerated in the article; they are included in the term "cattle," and as such subject to be estrayed after the expiration of the twelve months. But work oxen are excepted out of the proviso with an inference which is conclusive that they may be, and are subject to be estrayed before the expiration of twelve months. Like stray horses, &c., found on the plantation or land of a citizen, stray work oxen may be estrayed "forthwith."

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.