## G. TOMKINS v. THE STATE.

1. When the facts going to constitute a crime are well pleaded in an indictment, the law will infer the criminal intent, as sane men are presumed to intend the plain and obvious consequences of their acts.

2. In an indictment for swindling, founded on Article 2426 of Paschal's Digest, the false pretenses were fully set out, and the intent was charged to be to cheat, wrong and swindle; but the indictment did not allege an "intent to appropriate, etc., or to destroy or impair, etc.," in the words of the statute. *Held*, that the indictment was good.

APPEAL from the Criminal Court of Harris county. Tried below before the Hon. W. R. Fayle.

At the July term, 1869, the grand jury returned an indictment against the appellant, charging that he, "fraudulently and feloniously devising and intending to cheat, wrong and defraud one Regina Schneider of her goods, moneys, chattels and property, unlawfully, knowingly, designedly and feloniously did falsely pretend to the said Regina Schneider that one cow and calf, then and there in the possession of her, the said Regina Schneider, were then and there the property of one E. E. Hay, and that he, the said Gus Tomkins, had authority then and there to sell and receive pay for the same, whereas in truth and in fact the said cow and calf, then and there in the possession of her, the said Regina Schneider, were not then and there the property of one E. E. Hay, and he, the said Gus Tomkins had no authority then and there to sell and receive pay for the same, which said pretense, as he, the said Gus Tomkins, then and there well knew to be false, by color and means of which said false pretense he, the said Gus Tomkins, did then and there unlawfully, knowingly, and fraudulently, and feloniously obtain from the said Regina Schneider twenty pieces of silver, of each the denomination and value of fifty cents, being then and there the property of the said Regina Schnei-

der, with the intent 'then and there to cheat, wrong and swindle the said Regina Schneider, contrary to law," etc.

The defendant demurred, assigning for cause that the indictment did not charge any offense 'known to our law; and that there was no allegation of an intent to appropriate the money or property to his use, nor any intent of destroying or impairing the rights of any one. The demurrer was overruled. The defendant pleaded not guilty, and on trial was found guilty, with two years service in the penitentiary, assessed to him by the jury.

The defendant moved for a new trial, and on that being overruled, moved in arrest of judgment; which being also overruled, he gave notice of appeal. No judgment had then been entered up on the verdict; but on a subsequent day of the term judgment was entered *nunc pro tunc.*

*Stewart & Barziza* and *Henderson & Whitfield*, for the appellant.—We respectfully submit that the indictment preferred in this case is insufficient, and that the first assignment of error is well taken. Article 2426, Criminal Code, Paschal's Digest, defines the crime for which the defendant was attempted to be indicted. It says: "Swindling is the acquisition of any personal or movable property, money or instrument of writing, conveying or securing a valuable right by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the rights of the party justly entitled to the same."

That the "intention" of the party, committing acts of this kind, is the gist of the offense, is indisputable and has often been declared by this court. The "intent" must be averred in the indictment, and where the offense is created by statute, it must be alleged in the very language of the statute, or in words equivalent to those employed in the statute creating the offense. The "in-

tent" charged in this indictment is "with the intent then and there to cheat, wrong and swindle the said Regina Schneider." Whereas the statute requires that the intent should have been " to appropriate the same to the use of the party so acquiring;" that is to say " to appropriate the same to the use of him, the said Gus. Tompkins," or of destroying or impairing the rights of the party justly entitled to the same.

The words employed in the indictment are certainly different from those in the statute.

In case of Bush v. The Republic of Texas, 1 Texas Rep., 458, Justice Wheeler says : " No principle in the administration of criminal law is better settled than that in an indictment for a statutory offense, the statute must be strictly pursued."

It is a general rule that the indictment must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it. It is in every case desirable to attend with the greatest nicety to the words contained in the act, for no others can be so proper to describe the crime. But if the description embraced in the statute be departed from in any material respect, and any ingredient in the definition of the offense be omitted, the indictment will be void. (Bush v. The Republic of Texas, 1 Tex. R., p. 458 ; State v. Hall, 27 Tex., p. 334 ; State v. Moreland, 27 Tex. R., p. 728 ; Banks v. The State, 28 Tex. R., 644 ; Click v. The State, 3 Tex., 282.)

We submit that the words " cheat, wrong and swindle," employed in the indictment, do not necessarily imply that he intended to appropriate the same to his own use. Nor is it stated that the act was done with intent to destroy or impair the rights of the said Regina Schneider.

The fifth assignment of error calls the attention of this court to the fact that the record discloses that no final judgment in this cause was rendered until after defendant had perfected his appeal

to this court.  After the perfection of appeal the cause was removed from the lower court, and they had no right to make further orders in the cause, and the cause stands as if no final judgment had been entered, and must be dismissed.  (Burril v. The State, 16 Tex., p. 147; Calvin v. The State, 23 Tex., 577; Nathan v. The State, 28 Tex., p. 326.)

For the errors suggested, we think the cause should be dismissed.

It is submitted, further, that the charge was erroneous and hypothetical; that the law of swindling was not defined in the charge.  The charge instructs the jury to find the prisoner guilty upon a state of facts, if found to be true by them, not alleged or averred in the indictment.  The law of swindling should have been given.  (See charge, and also 28 Tex., 698.)  He says "that he did appropriate the proceeds of that sale to his own use and benefit."  There was no such allegation in the indictment, and this was one of the objections to its sufficiency.

We cite the following authorities as bearing upon the case; West v. The State, 10 Tex., 553; State v. Ake, 9 Tex., 322; Hale v. The State, 8 Tex., 171.

*E. B. Turner*, Attorney General, for the State.—The indictment in this case sets out with unusual particularity the acts which constituted and resulted in the swindle.  The acts stated are in themselves unlawful, and carry within themselves the inherent evidence of the intent necessary to constitute the offense.

The facts stated in the indictment being established, establishes the intent, because the law presumes the intent when these facts appear.  (Baggerly v. The State, 21 Tex., 758; Flack v. The State, decided last term of this court at this place, or rather submitted here and taken to Austin.)

The indictment charges the swindle, and the second sub-division of Article 2427 of Paschal, defines the offense here alleged in proper and appropriate words.

The intent to swindle is clearly charged. This is equivalent to stating all the substantive elements which are necessary to constitute that offense, and the facts being clearly pleaded, embraces and includes the intent appropriate.

The general proposition that the indictment must charge every necessary ingredient in the offense is not disputed, and the law as laid down in the cases cited as authority, are of force. Hall v. The State, 27 Texas, 334, charged that the marking and branding was done by the defendant, but did not. negative the idea that it was done without the owner's consent.

The case of Moreland v. The State is authority to sustain the position which I assume in this case, viz: that charging all the facts necessary to be proven to constitute the offense, necessarily carries with it the intent which the law ascribes to those specific acts.

The case of Banks, 28 Texas, 644, simply recognizes the distinction between a horse and mare which the law has made between them.

The point I make is: that when the law attributes a certain intent to specified acts, those acts being set forth, is equivalent to charging the intent, and this is what the courts mean when they say it is not necessary to charge anything not necessary to be proven.

I admit that it is just as well to charge the conclusion, viz: the intent; and prove the facts from which this conclusion is derived, but this is no more certain than to charge the facts themselves, which, being true, carries the intent along with it. (31 Texas, 59, The State v. Allen.)

There is nothing in the point that final judgment was not entered until after appeal. The position assumed, when translated, is, "I appealed before I could appeal, therefore I did not appeal at all, but having appealed, the appeal must be dismissed that I may appeal." But the notice of appeal was given at the

time the motion to arrest was overruled. Further, this court will entertain an appeal where the final judgment is not in the transcript, so held at Austin term, 1869.

There is no statement of facts, and the only question is: will the indictment support the verdict and judgment?

WALKER, J.—The indictment charges the appellant, under Article 2426, Paschal's Digest, with swindling one Regina Schneider, by means of certain false and fraudulent statements made to her, and that he made said false and fraudulent statements to her with the intent to cheat, wrong and swindle her out of twenty pieces of silver, each of the value of fifty cents, and that he did so swindle her. The indictment sets out, with great precision and particularity, all the facts going to constitute the crime, and it is but in accordance with the rulings of this court, and with other authorities, to hold that, when the facts going to make out the crime are well pleaded, the law will infer the intent of the accused to commit the crime, as sane men are presumed to intend the plain and obvious consequences of their acts. The pleader may, if he prefer, charge the conclusion of law, and prove the facts from which the legal conclusion is derived, and is the proper and necessary sequence. It is unnecessary to notice the objection taken by counsel to the appeal. The question was decided by this court at the Austin term, 1869. The case of Baggerly v. The State of Texas, (vol. 21, p. 758,) is not aptly cited in this case, and so far as the doctrine therein laid down applies, it supports the opinion we have arrived at in this case. The judgment of the district court is affirmed and the cause remanded.

Affirmed.