## WILLIAM WRIGHT V. THE STATE.

1. CONTINUANCE.—An application for continuance which does not set forth the facts or circumstances sufficient to enable the court to see that the testimony is material is insufficient.
2. MURDER—RE-ARREST OF ESCAPED CONVICT.—The right given an officer having the custody of a prisoner convicted of a felony to take life to prevent the escape of the prisoner does not extend to an officer attempting to re-arrest an escaped penitentiary convict.
3. ARREST OF ESCAPED CONVICT.—A guard of penitentiary convicts in attempting the recapture of an escaped convict has only such authority as belongs to an ordinary peace officer in making an arrest.

APPEAL from Brazoria. Tried below before the Hon. A. P. McCormick.

On the 8th of October, 1875, the appellant, William Wright, and one Bud Robinson were indicted in the District Court of Brazoria county for the murder of one Nelson Seigler, on the 31st of July, 1875. Robinson was not arrested, and on the 13th day of October, the case being called, William Wright made his application for a continuance.

The affidavit in other respects was regular, and stated "He expects to prove by said witness that he was in the employ of Ward, Dewey & Co., lessees of the Texas State penitentiary, during the month of July, 1875, as a guard over convicts sent to the penitentiary.

"That Ward, Dewey & Co. had a lot of convicts employed on Lake Jackson plantation, in Brazoria county, at said time, and this affiant was one of the guards.

"That on the 30th day of July, in said year, one of said convicts made his escape, and this affiant, with other guards, was sent out to arrest said convict ; that said witness and affiant saw said convict just before day, on the 31st day of July, riding a white horse, just such a one as Nelson Seigler was riding when he was killed.

"He also expects to prove by said witness that his orders

from those in authority in the penitentiary were to shoot any convict when endeavoring to escape and would not halt and surrender when called on to do so."

The application was overruled.

The facts proven were substantially that on the 31st of July a penitentiary convict, employed on a plantation of Ward, Dewey & Co., in Brazoria county, made his escape, and that the appellant, Wright, and Bud Robinson, who were two of the penitentiary guards employed on said plantation by Ward, Dewey & Co., were sent out to recapture said convict, with positive instructions from Ward, Dewey & Co., the lessees of the penitentiary, if when they found said convict, and he would not halt when called on to do so and surrender himself, that they, the guards, should shoot said convict.

It was also in proof that during the night of the 30th they saw the convict riding a white horse, and that shortly before day, on the 31st of July, the said Wright and Robinson were stationed on a bridge leading over Oyster creek, when an individual riding a white horse rode up on the opposite side of the creek, it being too dark to see who it was; that Wright and Robinson hailed the person so riding up to stop; he failing to do so, but starting to run, both the guards fired, and the result was the killing of Seigler, who was not the convict. It was also in evidence that for several hours Wright could easily have escaped, but he, thinking he had merely done his duty, remained to take the consequences.

The charge complained of is as follows:

"The penitentiary of Texas and the labor thereof, under certain regulations not important in this case, is in the hands of certain lessees, and these lessees, with the knowledge of the political authorities, are operating said convict labor on certain plantations in this and other counties of the State, using guards and other means to prevent the escape of said convicts.

"One of said convicts when attempting to escape from one of such guards actually having said convict in custody may be killed by such guard so having the legal custody of said convict, if the escape of said convict can in no other way be prevented, and such killing, if it so occur, would be justifiable homicide; and one charged with any offense therefor would be acquitted.

"When an escape has been completely effected and the custody of the convict is lost, certain officers of the penitentiary have authority to offer certain rewards for the apprehension and arrest of convicts.

"The officers of the penitentiary or lessees thereof have only such authority to effect a capture when the convict has entirely escaped from custody as belongs to ordinary officers in making arrests.

"Peace officers in making arrests can only take life when it becomes necessary to do so to protect their own lives or save them from serious bodily harm."

There was a verdict of guilty, and punishment fixed at five years in the penitentiary. Motion for new trial was overruled, and defendant appealed.

*Thomas G. Masterson* and *A. S. Lathrop*, for appellant.

*George Clark, Attorney General,* for the State.

GOULD, ASSOCIATE JUSTICE.—It appears by the bill of exceptions that the court overruled the application for continuance because the facts stated therein were insufficient to entitle the defendant to a continuance. The affidavit did not state that the object was to show that the killing was under a mistake, nor did it otherwise set forth the circumstances of the case sufficient to enable the court to see that the facts stated were material. It seems to assume that the court was aware of the circumstances of the killing, as afterwards developed on the trial. We think it was in this respect insufficient, and that it was not error to overrule it.

On the trial it appears to have been established satisfactorily that the defendant shot the deceased, Nelson Seigler, whilst he was riding across a bridge over Oyster creek, shortly before day, supposing that he was a penitentiary convict who had escaped from defendant's custody on the preceding day. Defendant and one Robinson were guards over convicts on a plantation in Brazoria county carried on by Ward, Dewey & Co., lessees of the penitentiary, with the labor of convicts. After the escape of the convict they were sent out with instructions, as they claim, from the lessees to shoot the escaped convict if when found and ordered to halt he would not do so. Whilst they were on the bridge deceased rode on to it on a white horse just similar to the one which the escaped convict had been seen by Wright and others riding in that neighborhood "a short time previous." Being satisfied that he was the convict, one having called to him three times to halt, and he not halting, defendant and Robinson fired on the deceased, killing him. These facts appear by Wright's own statements voluntarily made; also, that when he fired it was so dark that he could not tell whether it was a white man or a negro on the bridge.

Section 10, art. 2215, Paschal's Dig., is as follows: "A prisoner under sentence of death or imprisonment in the penitentiary, or attempting to escape from the penitentiary, may be killed by the officer having legal control of him, if his escape can in no other way be prevented."

The charge of the court recognized the applicability of this statute to convicts at labor on plantations, but held that after the convict had entirely escaped from custody a guard would have "only such authority to effect a capture as belongs to ordinary peace officers in making arrests," and that they could "only take life when it became necessary to do so to protect their own lives or save them from serious bodily harm." Also, "If the accused intended unlawfully to take the life of another person than the deceased,

and had reasonable or adequate cause to believe that the deceased was said other person, the offense, if any, is the same as though the one killed were the one whose killing was intended." The charge excluded murder in the first degree from the consideration of the jury, and their verdict was guilty of murder in the second degree, assessing the lowest penalty allowed by the law.

It is contended that the law gives to an officer attempting to re-arrest an escaped convict the same authority to kill in order to prevent his escape from re-arrest that it gives to an officer having legal custody of a convict who is attempting to escape; and it is urged that the reason of the law extends as fully to the one case as the other. The answer is simply that the language of the statute does not admit of such an interpretation.

The appellant appears from the record to have been fairly tried under a correct charge, and to have had the full benefit of the facts to establish which he sought a continuance.

The judgment is affirmed.

                                                      Affirmed.