## W. H. RICHARDSON v. THE STATE.

1. INDICTMENT.—Tautology and repetition do not vitiate an indictment.
2. ORDER OF DOCKET AND TRIAL.—See the opinion for a state of case in which it it is held there was no error in requiring the accused to proceed to trial on a new indictment for the same offense, found since the day for trial was set.
3. CONTINUANCE.—Refusal of a continuance asked for want of testimony will not be held error unless the relevancy and materiality of the testimony be shown by the record; and, in passing on its materiality, this court will consider it in connection with the evidence which was adduced at the trial.

APPEAL from the District Court of Limestone. Tried below before the Hon. D. M. PRENDERGAST. .

The material facts will be found in the opinion. With their verdict of guilty, the jury awarded the accused three years' employment in the penitentiary.

*Herring, Anderson & Kelley*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The appellant was indicted under Article 2426, Paschal's Digest, for swindling by obtaining goods under false pretenses and fraudulent representations. The fraudulent representations consisted in the fact that he purchased goods upon the faith and credit of one George Andrews, upon the false pretense that he had the right to do so upon the authority of the said Andrews. There is, perhaps, more repetition and tautology in the indictment than was necessary, but we are of opinion that it will be found good when tested by the precedents and authorities. *Johnson v. The State*, 41 Texas, 65; *The State v. Levi*, 41 Texas, 563; *Washington v. The State*, 41 Texas, 583; *Epperson v. The State*, 42 Texas, 79; *Cline v. The State*, 43 Texas,

494; *Maranda* v. *The State*, 44 Texas, 442; *Tomkins* v. *The State*, 33 Texas, 228 ; *Hirsh* v. *The State*, 1 Texas Ct. of App. 393; *Colbert* v. *The State*, 1 Texas Ct. of App. 314.

It is contended that the court erred :

1st. In calling this case out of its regular order upon the docket.

2d. In overruling defendant's application for a continuance.

In regard to the 1st error, the circumstances were these : Defendant had been indicted for this same offense at a previous term of court; had been served with a copy of the indictment ; had taken out process for his witnesses ; had agreed upon a day for trial with the prosecution, and had the case set. Before the case was called for trial on the day upon which it had been set by agreement, the county attorney, some days previously, had procured the finding by the grand jury and return of a new indictment for the same offense, for the reason, we suppose, that there was some formal defect in the original which he wished to cure. When the case agreed to be tried was reached, the county attorney dismissed that indictment and took up the new one. Between these two cases several others intervened on the docket. Defendant objected to proceeding with the trial on the new indictment, because taken up out of its order, which objection was overruled by the court, and a bill of exceptions saved.

This bill of exceptions does not set out the old indictment which was dismissed, and we are not apprised what change or difference existed between the two. If there was no material change which was calculated to operate a surprise on defendant, we cannot see that he has any right to complain. If there was no material change, then the case was not a new or different one, to which the rule invoked might apply. The defendant seems to have had all the opportunities desired by him for preparation for this trial ;

he had been served with a copy of this indictment, taken out process for his witnesses, and, in the absence of any-thing going to show that the defendant's rights were prejudiced, the action of the court will be sustained in proceeding with the trial on the new indictment.

So far as the application for continuance was concerned, what it was expected to prove by the witnesses was set out, and when that is the case the materiality of the testimony will be considered in its connection with the other testimony; and an application for continuance which does not set forth the facts and circumstances sufficiently to enable the court to see that the testimony is material is insufficient. *Wright* v. *The State*, 44 Texas, 645; *Burton* v. *The State*, 21 Texas, 346; *Cantu* v. *The State*, 1 Texas Ct. of App. 402. We cannot see the materiality or relevancy of the testimony sought, and, therefore, do not think the court erred in its ruling upon the application.

We do not think any of the other points complained of are well taken. The defendant seems to have had a fair and impartial trial, both as to the law and the facts, and, there being no material error in the proceedings calculated to injure his rights, the judgment of the lower court is affirmed.

*Affirmed.*