## W. H. GRIFFIN *v.* THE STATE.

HABEAS CORPUS.—The writ of *habeas corpus* is not designed to effect an appeal, or operate as a writ of error or *certiorari;* and the court, on *habeas corpus,* will not, for the purpose of discharging the applicant, consider the sufficiency of facts relied on as evidencing a former acquittal for the same offence for which he is in custody.

APPEAL from the County Court of Eastland. Tried below before the Hon. J. T. HAMMONS, County Judge.

This is an appeal from the court below refusing an application on *habeas corpus,* founded upon the plea of former acquittal of the same offence for which the appellant was held in custody.

*W. H. Griffin, in propria persona.*

*Thomas Ball,* Assistant Attorney-General, for the State.

WHITE, J. In the petition for *habeas corpus,* the illegal restraint of the relator is alleged to consist in the fact that he has been tried and acquitted of the same offence for which he is held in custody.

The writ of *habeas corpus* is not designed to effect an appeal or operate as a writ of error or *certiorari;* and the court, on *habeas corpus,* will not, for the purpose of discharging the applicant, consider the sufficiency of facts relied on as evidencing a former acquittal for the same offence for which he is in custody. *Perry* v. *The State,* 41 Texas, 488 ; *Darrah* v. *Westerlage,* 44 Texas, 388 ; *Ex parte Schwartz,* 2 Texas Ct. App. 74.

It furthermore does not appear from the facts developed on the trial that applicant is held for the offence of which he had been acquitted, nor, indeed, that he was under any such restraint at all as would entitle him to have it investigated upon *habeas corpus.*

The judgment of the court below is affirmed, and the relator adjudged to pay all the costs of this proceeding.

*Affirmed.*