## EX PARTE L. ERWIN.

1. HABEAS CORPUS — JURISDICTION AND PRACTICE OF THIS COURT. — The mandates of this court in *habeas corpus* cases, whether original or on appeal, operate directly upon the officer or other person by whom the applicant is detained, and are not transmitted to inferior tribunals for enforcement, as in ordinary appeals. If, when the jurisdiction of this court is invoked, the applicant is not restrained of his liberty by any one, there is no case for the cognizance of this court and no respondent amenable to its process. It is not authorized, in an appeal from an order in chambers, to remand the case to the judge *a quo*, with directions. *Ex parte Coupland*, 26 Texas, 387, was an exceptional case, and was decided before it was provided by law that the escape of an appellant shall, in a criminal case, oust the jurisdiction of the appellate tribunal.

2. SAME IN EXTRADITION CASES. — *Quære*, whether a party detained by authority of an extradition warrant, and who has sued out *habeas corpus* before a district judge and been remanded to custody, has a right of appeal to this court. If so, however, he is not entitled to go at large, on bail or otherwise, pending his appeal. The right of bail guaranteed by the Bill of Rights does not obtain in extradition cases originating under that clause of

the United States Constitution which requires the rendition of fugitives from justice.

3. BAIL IN HABEAS CORPUS CASES. — By art. 162 of the Revised Code of Criminal Procedure, a judge is empowered, pending a hearing on *habeas corpus*, to bail the prisoner from day to day; but this authority expires with the disposal of the case by the judge.

HABEAS CORPUS on appeal from an order in chambers of the Hon. S. FORD, Judge of the Ninth Judicial District.

A comprehensive and clear statement of the case will be found in the opinion. As will be there seen, the order below allowed bail to the appellant pending his appeal, and he availed himself of the privilege by executing bond to the satisfaction of the officer to whose custody he was remanded by the final order below.

The transcript was filed in this court at Tyler, on October 31, 1879. On the 18th of the next month the assistant attorney-general entered the following motion : —

"Now comes the State, by attorney, and represents to the court that this is an extradition matter, and that, on the hearing of *habeas corpus* before a district judge, respondent's special exceptions were sustained to the relator's pleadings, and the relator was remanded to the custody of the sheriff of Brazos County. It is further shown to the court that the district judge admitted the said relator to bail in the sum of $1,000.

"The premises considered, the respondent moves the court to set aside the so-called bail or appeal bond, and, if necessary to the jurisdiction of this court, to order the issuance of a writ to bring the relator before this court in order to abide its judgment. Because, —

"1. The district judge had no authority to admit to bail a person not charged with an offence against the laws of Texas.

"2. Because the relator is constructively in the custody of the sheriff of Brazos County.

" 3. In extradition matters, the relator is not entitled to bail in the State from which he is extradited.

" 4. After the relator's pleadings were dismissed, the judge had no discretion as to the disposal of the relator, as he was then in custody by virtue of the warrant of extradition.

" 5. All the orders made by the judge after he sustained the exceptions to the relator's pleadings and remanded him to custody were without authority of law, and absolutely void.

" Respondent further moves the court to remand the relator to the custody of the sheriff of Travis County, Texas, to be by him held under the warrant of extradition, subject to the order of the agent of the State of Illinois."

*Thomas Ball*, Assistant Attorney-General, in support of his motion. On the hearing of this cause before the district judge, respondent filed a plea to the jurisdiction of the court, which was overruled, and a bill of exceptions saved. In support of this plea, see Const. U. S., art. 3, sect. 2; art. 4, sect. 2; art. 6, sect. 1; Act of Congress, February 12, 1793; Hurd on Hab. Corp. (ed. 1858) 585, 586, 615, 616; *Ableman* v. *Booth*, 21 How. 523; *Martin* v. *Hunter's Lessee*, 1 Wheat. 324; *The Commonwealth of Kentucky* v. *Denison, Gov.*, 24 How. 95; *Spangler's Case*, 11 Mich. 299; *Hopson's Case*, 40 Barb. 34; *The State* v. *Buzine*, 4 Harr. 575.

In support of the respondent's exceptions to the relator's pleadings, on the ground that the court could not go behind the warrant of the governor of Texas, for any purpose, see Hurd on Hab. Corp. 585 *et seq.; The State* v. *Buzine*, 4 Harr. 575; *Manchester's Case*, 5 Cal. 237; *Davis's Case*, 122 Mass. 324; *Voorhees's Case*, 32 N. J. 142. That the bond is a nullity and the relator in custody, see Penal Code, art. 287, and the order of the judge remanding the relator to custody.

*Davis & Beall*, for the appellant. 1. Has a State court authority to entertain jurisdiction in a case of interstate extradition, or is it competent for a judge of this State to issue the writ of *habeas corpus* to inquire into the cause of the arrest and imprisonment of the relator, L. Erwin, who was arrested and detained under and by virtue of a warrant issued by the governor of Texas in obedience to the requisition of the governor of Illinois? We maintain, on behalf of the relator, that the courts of this State have jurisdiction of the case on *habeas corpus*, and we cite the following authorities: *Ex parte Thornton* 9 Texas, 641; *Hibler* v. *The State*, 43 Texas, 197. Reference is also made to the decisions of the courts of Michigan, Pennsylvania, New Jersey, New York, North Carolina, and Georgia, where the State courts assumed jurisdiction, and either remanded or discharged the prisoners as the law and facts seemed to justify. Hurd on Hab. Corp. 154, 159. The jurisdiction of the State courts is not exclusive, but concurrent. *Ex parte Joseph Smith*, 3 McLean, 127.

2. Is it competent for the court to go behind the warrant of the executive, and inquire into the sufficiency of the affidavit upon which the proceedings are predicated? It is submitted, on behalf of the relator, that while the court may not inquire into the guilt or innocence of the accused, yet the sufficiency and validity of the affidavit are proper subjects of judicial inquiry in order to determine whether a crime has been properly charged to authorize the extradition of a citizen of this State for trial in a foreign jurisdiction, in pursuance of the provisions of the United States statutes upon the subject. *Ex parte Thornton*, 9 Texas, 646; 5 Cal. 238; *The People* v. *Brady*, 56 N. Y. 185; 1 Park. Cr. 430; *Ex parte Smith*, 3 McLean, 127. In *Thornton's Case*, Chief Justice Hemphill held the warrant insufficient because not accompanied with a copy of the indictment, and discharged the prisoner. The affidavits in the California and New York cases were examined, held

insufficient, and the prisoners discharged.   In *Smith's Case*, 3 McLean, 121, considering the question whether the court hearing the writ of *habeas corpus* could go behind the governor's warrant and the return, Judge Pope said: " The court deems it unnecessary to decide that point, inasmuch as it thinks Smith entitled to his discharge for *defects in the affidavit*.   *   *   *   Again, the affidavit is *fatally defective* in this, that Boggs swears to his belief.''

In *Heilborn's Case*, after stating that, to support the warrant, the complaint upon which it issued must be produced, the court say: " If, when produced, it shows its original invalidity, it must fall to the ground, and the warrant with it.''

Judge Cooley, treating of this question, says: " Under the Constitution, the person who shall be surrendered must be charged with crime.   This means that he must be charged in due course of law, in some proper judicial proceeding instituted in the State from which he is a fugitive. The charge is to be the foundation for the demand, and for the warrant of surrender ; and it cannot be sufficient unless it contain all the legal requisites for the arrest of the accused, and his detention for trial, if he were then within the State.''   Princeton Rev. (Jan. 1879) 165 ; *Hartman's Case* (Sup. Ct. Ind.), 7 Reporter, 367.

CLARK, J.   The right of appeal in cases of *habeas corpus*, in this State, is dependent upon and regulated solely by statute ; and it is clearly contemplated by the law, which has received the sanction of repeated adjudications from this and other courts exercising supreme appellate power in such cases, that the orders of this court shall act directly upon the officers or other persons having the custody of the applicant, and not be transmitted through the medium of inferior tribunals, as in other cases of appeal.

Our Code of Criminal Procedure, among other provisions regulating such appeals, provides that the judgment which

may be rendered by this court shall be certified by the clerk to the officer holding the defendant in custody, or, when he is held by any person other than an officer, to the sheriff of the proper county. Code Cr. Proc., art. 889. It further provides that if an officer holding a person in custody fails to obey the mandate of this court, he shall be deemed guilty of an offence; and if the applicant be detained by some person other than an officer, the sheriff, upon receipt of the mandate, shall cause his discharge. Code Cr. Proc., arts. 887, 888. If the applicant is ordered to give bail, the judgment of this court is certified to the officer holding him in custody, for his observance. Code Cr. Proc., art. 890.

From these provisions it appears unquestionable that the law contemplates, when this court is called upon to pronounce its judgment on an appeal in a *habeas corpus* proceeding, that the appellant must be in the custody of some officer or other person subject to its jurisdiction, and upon whom the process of the court can operate with directness. It was never contemplated that this court would act upon such an appeal when it had no authority to enforce its judgment, nor when the illegal restraint complained of had altogether ceased; nor is this court authorized to remand a case to an inferior judge with directions how to proceed in the enforcement of an original order made by him in chambers, and which may be left by the action of this court in full force and operation. If, pending an appeal, the restraint is removed, and the applicant has regained his liberty, no matter by what method, the proceedings here must terminate, and this court will not inquire into the legality of a detention which no longer exists. Such is the uniform practice. *Ex parte Peyton*, 2 Texas Ct. App. 296; *Ex parte Cohn and Hawes*, 2 Texas Ct. App. 380; *Dirks* v. *The State*, 33 Texas, 227.

It is true that in *Ex parte Coupland*, 26 Texas, 387, the Supreme Court retained jurisdiction of a similar appeal,

notwithstanding it was made to appear that the applicant was, possibly not in custody. But it is to be remarked that the showing to that effect was of a vague and indefinite character, and the court treated the question of dismissal of appeals after the escape of the appellant as one of practice simply, which rested in the sound discretion of the court. A different rule obtains now, and it must be regarded as jurisdictional. Code Cr. Proc., art. 845. Besides, the questions involved in that appeal were of a grave national character, affecting the great struggle in which we were then engaged, and demanding prompt adjudication by the authorities as a measure of public defence. It was the first case in which these questions had been brought to the attention of the court, and it could well say, as it did, that the public interest would be better subserved by hearing the appeal than by its continuance. No exigency of a similar character surrounds this case, and in the selection of a proper precedent we prefer to follow the later decisions of this court, based as they are upon the clear import of the statutes.

The applicant in this case applied to the Hon. Spencer Ford, judge of the Fourth Judicial District of this State, on the fourth day of July, 1879, for a writ of *habeas corpus* directed to Dennis Corwin, sheriff of Travis County, it being alleged that he was illegally restrained in his liberty by said Corwin, by virtue of a warrant from the governor of this State based upon a requisition of the governor of Illinois. The writ was made returnable before the district judge at Bryan on the seventeenth day of July, 1879; and after further postponement the matter was heard and determined on July 28th, and the applicant was remanded to the custody of the sheriff of Travis County to be delivered by him to the agent of the State of Illinois, to be transported to that State for trial. To this order the applicant excepted, and gave notice of appeal to this court; and thereupon, by a continuation of the same entry, the judge further ordered that the applicant be not remanded to the custody of the

sheriff of Travis County, but to the custody of the sheriff of Brazos County, there to remain until this court should render its judgment on appeal. And it was further ordered, in the same judgment-entry, that the relator be admitted to bail upon sufficient sureties in the sum of $1,000, conditioned as the law directs. A bond in that sum was executed on August 1, 1879, by appellant, with thirteen sureties, conditioned for the appearance of appellant before this court at the city of Austin, on the eighth day of April, 1880, there to abide such judgment as might be rendered.

Whether an appeal is permissible in this character of cases it is not necessary now to discuss, but we know of no provision of law which authorizes an applicant to prosecute appeal in the mode here attempted. Certainly if an appeal by a party arrested on a warrant of extradition is within the purview of the statute, the law makes no such exception in his favor as to authorize him to go at large pending the action of this court, and in a situation to defy its mandate and to treat its judgment with contempt. The analogies of the law cannot be appealed to in aid of the action of the judge below, for no such analogies exist. The charge against the applicant appears from the record to be a felony, and not a misdemeanor; and if a resort to analogy was permissible, and the judge was authorized to consider his order remanding the applicant as in the nature of a conviction, to follow a just analogy he should have been committed pending his appeal.

Nor can that provision in our Bill of Rights which provides that " all prisoners shall be bailable by sufficient sureties " be invoked to successfully sustain the action, because, as said by our Supreme Court, by the terms "all prisoners" it was not meant to require all prisoners under all circumstances to be bailed, but it must refer to a class of prisoners, each and all of whom shall be bailed except as therein provided. *Ex parte Ezell*, 40 Texas, 451. This provision in our organic law must be

construed with and be controlled by that provision in the Constitution of the United States, which is the supreme law of the land, and which provides that " a person charged in any State with treason, felony, or other crime, who shall flee from justice and be found in another State, shall, on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime." Const. U. S., art. 4, sect. 2. If upon arrest under a warrant of extradition bail is allowable, the Federal Constitution is set at naught, and delivery in the State having jurisdiction of the offence would have its price, regulated generally by the amount of the bail-bond, where one could be given at all, and a fundamental provision which was intended to apply to all classes of citizens would be restricted to the poor and unfortunate who were not able to furnish bail. Such cannot be the proper construction of the two constitutions. A new provision in our Code of Criminal Procedure authorizes a prisoner to be bailed from day to day pending a hearing on *habeas corpus,* in the discretion of the judge presiding at such hearing; but after a disposal of the case by him, this discretion no longer exists. Code Cr. Proc., art. 162.

This appeal is properly returnable to our Austin term, but, in the view we entertain of its nullity, it could subserve no useful purpose to continue it over for that length of time. The laws of the United States and of this State have already been delayed sufficiently in their execution by the applicant, who has failed to properly submit himself to their operation, but who seeks a judgment, standing sufficiently afar to evade its operation if it be adverse, and sufficiently near to avail himself of its protection if it be favorable. Standing outside the jurisdiction of this court, he cannot invoke its protection, nor can this court indulge any presumption in aid of one who is called upon to face his accusers under all the forms and sanctions of the law in a speedy public trial before an impartial jury, but who seeks

assiduously to evade the issue and to avoid that jurisdiction which is alone competent to pronounce upon his guilt or innocence.

It is ordered by the court that this appeal be dismissed for want of jurisdiction ; and it is further ordered that the clerk of this court transmit without delay to Dennis Corwin, sheriff of Travis County, a certified copy of the judgment of dismissal, for the information and guidance of that officer.

*Ordered accordingly.*