[No. 1478.]

## S. STRINGER *v.* THE STATE.

1. SWINDLING—INDICTMENT.—Article 790 of the Penal Code defines the component elements of the offense of swindling. One of the essential elements is the intent of the party acquiring the property to appropriate it to his own use. An indictment for swindling is insufficient unless it embodies such an allegation.

2. SAME—PLEADING—CASE OVERRULED.—A deduction, or inference and presumption, of intent from acts is permissible only after the evidence has been adduced on the trial, and cannot apply to allegations in criminal pleadings. As announcing a contrary doctrine, the case of *Tomkins* v. *The State*, 33 Texas, 228, is overruled.

3. SAME.—In criminal pleadings it is in every way desirable to attend with the greatest nicety to the words contained in the act creating and defining the offense, for no others can be so proper to describe it. But if the description embraced in the statute be departed from in any material respect, and any ingredient in the definition be omitted, the indictment will be bad.

4. SAME—INDICTMENT.—See statement of the case for an indictment *held* insufficient to charge the offense of swindling.

APPEAL from the District Court of Navarro. Tried below before the Hon. L. D. Bradley.

The charging part of the indictment in this case reads: "S. Stringer, late of the county of Navarro, laborer, on the fifth day

of April, 1881, with force and arms, in the county of Navarro, and State of Texas, did then and there unlawfully and fraudulently obtain and acquire of and from one Isaiah Nelson, the owner thereof, one certain gelding, the same being the personal corporeal property of him, the said Nelson, by means of false and fraudulent representations, in substance as follows, to-wit: The said gelding having strayed off from its accustomed range, at some time prior to the said fifth day of April, 1881, and the said Nelson not knowing when said gelding had strayed, and not knowing whether said animal was in existence on the said day and date last above named, the said S. Stringer did then and there falsely and fraudulently offer to the said Isaiah Nelson, for said gelding, the small sum of ten dollars, when the said animal was well worth the sum of forty dollars, and did then and there falsely and fraudulently induce said Isaiah Nelson to accept said offer, and to part with his title to said animal, and sell the same to him, the said S. Stringer, for said sum of ten dollars, by false representing in substance and effect that said gelding was lost, and that he, the said S. Stringer, knew nothing then and there of the whereabouts of said gelding; that the said Isaiah Nelson, believing said representations so made to be true, upon the faith of the same sold said gelding to said Stringer for said sum of ten dollars; that said representations were then and there, as the said Stringer well knew, false and fraudulent, the said S. Stringer then and there having the possession of the said gelding, and well knowing the exact whereabouts of the said gelding; and so the grand jurors as aforesaid upon their oaths do say that the said S. Stringer did then and there, in the manner and form aforesaid, falsely and fraudulently acquire, of and from the said Isaiah Nelson, the said gelding, by means of the false and fraudulent representations aforesaid, and did then and there, in the manner and form aforesaid, commit the crime of swindling, contrary," etc.

Convicted upon this indictment, the appellant was awarded a term of two years in the penitentiary.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, P. J.   "Swindling is the acquisition of any personal or movable property, money, or instrument of writing convey-

ing or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the rights of the party justly entitled to the same." (Penal Code, Art. 790.)

One of the essential ingredients of the crime, and the most important, according to this definition of swindling, *is the intent* with which the property is acquired. It must be "with the intent to appropriate the same to the use of the party so acquiring." Without this allegation the indictment does not charge the offense.

We are aware that a contrary doctrine was held in *Tomkins* v. *The State*, 33 Texas, 228. In that case the court say: "The indictment sets out with great precision and particularity all the facts going to constitute the crime, and it is but in accordance with the rulings of this court that, when the facts going to make out the case are well pleaded, the law will infer the intent of the accused to commit the crime, as sane men are presumed to intend the plain and obvious consequences of their acts. The pleader may, if he prefer, charge the conclusion of law, and prove the facts from which the legal conclusion is derived and is the proper and necessary sequence." No authority is cited in support of the rule announced in the last sentence, and in our opinion the well settled authority is now all the other way. .

A deduction, or inference and presumption of intent from acts is permissible only after the evidence has been adduced on the trial, and cannot apply to allegations in criminal pleadings. In criminal pleadings "it is in every case desirable to attend with the greatest nicety to the words contained in the act creating and defining the offense, for no others can be so proper to describe the crime. But if the description embraced in the statute be departed from in any material respect, and any ingredient in the definition of the offense be omitted, the indictment will be void." (*Bush* v. *The Republic*, 1 Texas, 458; *State* v. *Hall*, 27 Texas, 334; *State* v. *Moreland*, 27 Texas, 728; *Banks* v. *The State*, 28 Texas, 644; Clark's Crim. L., pp. 421 and 422, and notes. For a full discussion of the subject see *Williams* v. *The State*, 12 Texas Ct. App., 395.)

*Tomkins* v. *The State*, 33 Texas, 228, is hereby overruled. And, because the indictment before us fails to charge that the property acquired by appellant was so acquired with intent to appro-

priate the same to his use, and is therefore fatally defective, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered February 24, 1883.