[No. 1580.]

EX PARTE J. H. COLE.

1. JURISDICTION OF THE COURT OF APPEALS.—Section 6 of Article V of the State Constitution provides that the "Court of Appeals shall have power, upon affidavit or otherwise as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction."

2. HABEAS CORPUS—JURISDICTION AND PRACTICE OF THIS COURT.—The mandates of this court in *habeas corpus* cases, whether original or on appeal, operate directly upon the officer or other person by whom the applicant is detained, and are not transmitted to inferior tribunals for enforcement, as in ordinary appeals. If, when the jurisdiction of this court is invoked, the applicant is not restrained of his liberty by any one, there is no case for the cognizance of this court, and no respondent amenable to its process.

3. SAME—CASE STATED.—The applicant in this case was originally arrested on a *capias pro fine* issued by a justice of the peace. He sued out a writ of *habeas corpus* before the county judge, upon the hearing of which he was remanded to the custody of the sheriff; from which order this appeal is prosecuted. Upon affidavits setting up that the applicant is not and never has been in the actual custody of the sheriff or other officer, or in any way restrained of his liberty, motion is made by the Assistant Attorney General to dismiss the appeal. This motion is resisted by the applicant upon the ground that this court should not entertain the *ex parte* affidavits to defeat an appeal which from the face of the record appears in all respects regular and legal. *Held*, that the objection is untenable, and the motion to dismiss is sustained.

4. SAME — STATEMENT OF FACTS.—In *habeas corpus* cases on appeal the statement of facts cannot be recognized unless authenticated as in other cases.

APPEAL from the County Court of Williamson. Tried below before the Hon. G. W. Glasscock, County Judge.

The opinion clearly discloses the case.

No brief for the applicant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant Cole was arrested on a *capias pro fine* issued by a justice of the peace. He applied for

and obtained a writ of habeas corpus from the Hon. George W. Glasscock, County Judge of Williamson county, who upon hearing of the writ, during term time of the County Court, remanded the applicant to the custody of the constable having him in charge under the *capias pro fine*. From this judgment an appeal is here prosecuted.

A motion is made by the Assistant Attorney General to dismiss the appeal for want of jurisdiction because appellant is not in custody nor restrained of his liberty pending this appeal, and in support of his motion to dismiss he files the affidavits of the sheriff of Williamson county and of the constable to whose custody applicant was remanded, to the effect that the said appellant is at his home—is not in custody—is not in jail, and never has been by virtue of process issued in this or any other case. And it is further shown by the constable's affidavit that, shortly if not immediately after applicant's giving notice of appeal in this case, that officer permitted him to return to his home under a promise that he would surrender himself to custody if the judgment on this appeal should be against him.

Appellant by counsel insists that the motion to dismiss should not prevail, and that these *ex parte* affidavits will not be entertained to defeat an appeal which from the record appears regular and legal. Such is not the view we take of the matter. On the contrary, it appears to us that it is a fraud upon the jurisdiction of this court for a party to seek its aid to relieve him from an alleged restraint of his liberty when in fact he is in no manner restrained, and it is provided in the Constitution that "the Court of Appeals shall have power, upon affidavits or otherwise as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction." (Constitution, Art. V., Sec. 6.) In *Erwin* v. *The State*, 7 Texas Court of Appeals, 288, it is well said by Judge Clark "that the law contemplates, when this court is called upon to pronounce its judgment on an appeal in a *habeas corpus* proceeding, that the appellant must be in the custody of some officer or other person subject to its jurisdiction, and upon whom the process of the court can operate with directness. It was never contemplated that this court would act upon such an appeal when it had no authority to enforce its judgment, nor when the illegal restraint complained of had altogether ceased; nor is this court authorized to remand a case to an inferior judge with directions how to proceed in the enforcement of an original order made by

him in chambers, and which may be left by the action of this court in full force and operation. If, pending an appeal, the restraint is removed and the applicant has regained his liberty, no matter by what method, the proceedings here must terminate, and this court will not inquire into the legality of a detention which no longer exists. Such is the uniform practice." (*Ex parte Peyton,* 2 Texas Ct. App., 296; *Ex parte Cohn* and *Hawes,* 2 Texas Ct App., 380; *Dirks* v. *The State,* 33 Texas, 228; *Griffin* v. *The State,* 5 Texas Ct. App., 457.)

It being made to appear that appellant is not and never has been in custody or restrained of his liberty since notice of appeal given, the motion to dismiss must prevail.

A question of practice has been raised which, though not pertinent to the motion to dismiss, it were as well to settle now as at some future day. The statement of facts made out on the trial below is not signed or certified by the judge, and it is contended by the Assistant Attorney General that the statement should not, as in other cases, be considered, for want of proper authentication by the judge; whilst appellant's counsel contends that such authentication by the judge is not necessary, nor is it contemplated by the statute prescribing the proceedings in *habeas corpus.* It will be remembered that this case was heard in term time by the judge. We are referred by counsel to Article 181, Code of Criminal Procedure, which provides that "if a writ of *habeas corpus* be made returnable before a court in session, all the proceedings had shall be entered of record by the clerk thereof, as would be done in any other case pending in court," etc. Our construction of this article is that it does not affect at all the mode and manner of making up and authenticating the statement of facts. The statement of facts should be made up and certified or approved by the judge, as in other criminal cases.

The motion to dismiss the appeal is sustained, and the appeal is dismissed.

*Appeal dismissed.*

Opinion delivered October 17, 1883.